STATE vs. L. W. FULTON.

1. In an indictment for a misdemeanor, a defendant has a right to challenge a juror for cause, and this right is not confined to capital cases.

2. Where a defendant proposes to challenge a juror for cause—and the judge announces generally that such challenges are "unusual," except in capital cases—it is not necessary that the defendant should name the particular juror, nor assign a special cause.

3. The supposed analogy between a cause of challenge and an exception to evidence does not exist.

This was an indictment for forcible tresspas, tried before Cannon, Judge, at Fall Term, of Forsythe Superior Court.

In selecting a jury, the defendant, after exhausting his preemptory challenges, asked to be allowed to make further chal-

lenges for *cause.* This was denied by His Honor, upon the ground that it was unusual, except in capital cases. To this rulling the defendant excepted. The jury was empanelled and evidence given tending to prove the guilt of the defendant. It is unnecessary to state the facts more fully, as the opinion of the Court is rendered upon the point presented in the above statement. Virdict of guilty. Judgment and appeal to the Supreme Court.

*Attorney General* and *T. J. Wilson* for the State.
*No Counsel* for the defendant in this Court.

BOYDEN, J. In this case, after exhausting his peremptory challenges ; the defendant asked to be allowed to make further challenges, for cause; without naming any one of the jurors, or assigning any specific cause of challenge.

This right to challenge for cause was refused, His Honor holding that such challenges could only be made on trials in capital cases.

Upon this part of the record, the question arose, whether to avail himself of this apparent error, the defendant should not have named the particular juror, and assigned a specific cause of challange; in analogy to the case of the rejection of evidence, in which case this Court has repeatedly held, that to show error in such case, the party excepting must put upon the record, the evidence rejected so this Court might determine its materiality, as otherwise the Court could not adjudge that there was error.

After much consideration a majority of this Court are of opinion that His Honor erred, when he expressly denied this right of challenge in misdemeanors and confined it to capital cases.

Why proceed to name the juror and assign the cause of challenge, after His Honor had distinctly announced that such challenges could only be made in capital cases.

We regret the necessity of awarding a *venire de novo,* as the case shows that the defendant admitted the act of violence charged as a forcible trespass, and seemed to rely for his defense upon the ground of the unconstitutionality of the act directing the levy of the tax, for which the Sheriff made the the seizure.

It seems that a such a defense cannot avail the defendant.

There is error.   *Venire de novo.*

This will be certified.

PER CURIAM.                                      *Venire de novo.*